UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MIRANDA, et al.,

        Plaintiffs,

    v.

PALO ALTO UNIFIED SCHOOL
DISTRICT, et al.,

        Defendants.

Case No.  25-cv-06745-EKL

**ORDER DENYING MOTION FOR
PRELIMINARY INJUNCTION**

Re: Dkt. No. 7

Plaintiffs Jonathan and Sarah Miranda bring this action against the Palo Alto Unified School District ("Palo Alto") and the California Office of Administrative Hearings ("OAH") under the Individuals with Disabilities Education Act ("IDEA") on behalf of their son, J.M. ("Student"). Now before the Court is Plaintiffs' motion for preliminary injunction seeking a "stay put" order. Mot. for Prelim. Inj., ECF No. 7 ("Motion").  Plaintiffs ask the Court to order Palo Alto "to fund Hope Technology as Student's stay put placement" during the pendency of this litigation.  *Id*. at 1. For the following reasons, Plaintiffs' motion is DENIED.

"A motion for stay put functions as an 'automatic' preliminary injunction, meaning that the moving party need not show the traditionally required factors (*e.g.*, irreparable harm) in order to obtain preliminary relief."  *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir. 2009).  A stay put order prevents "premature removal of a disabled child to a potentially inappropriate educational setting" during the pendency of proceedings involving a student's free appropriate public education ("FAPE"), including a civil action.  *Id*. at 1038, 1040; 20 U.S.C. § 1415(i)(2).  The stay put provision mandates that, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child . . . until all such proceedings have been completed."  20 U.S.C. § 1415(j).

United States District Court
Northern District of California

1    Here, the parties dispute whether Hope Technology – a private school unilaterally selected

2  by Plaintiffs – is Student's current educational placement.  "Courts have generally interpreted the

3  phrase [current educational placement] to mean the placement set forth in the child's last

4  implemented IEP [*i.e.*, Individualized Education Plan]."  *L.M. v. Capistrano Unified Sch. Dist*.,

5  556 F.3d 900, 911 (9th Cir. 2009) (collecting cases); *see also Rocklin*, 559 F.3d at 1037.

6  However, "where a parent prevails in an administrative hearing and an administrative ruling

7  agrees with the parent that a different placement is appropriate, then . . . it is that new placement

8  that must be made and maintained for purposes of the stay put provision."  *S.C. v. Lincoln Cnty.*

9  *Sch. Dist*., 16 F.4th 587, 589-90 (9th Cir. 2021).  "Where the agency or the court has ruled on the

10  appropriateness of the educational placement in the parents' favor, the school district is

11  responsible for appropriate private education costs regardless of the outcome of an appeal."

12  *Capistrano*, 556 F.3d at 912.

13    Plaintiffs contend that Hope Technology is Student's current educational placement

14  because Plaintiffs prevailed against Palo Alto in the administrative proceedings.  *See* 7/11/25

15  OAH Decision, ECF No. 1-1.  After conducting a due process hearing, Administrative Law Judge

16  Robert G. Martin found that Palo Alto engaged in multiple procedural violations of the IDEA.  *See*

17  *id*. at 20-21, 33-35, 45, 52, 62-66, 75-76, 82.  Among these violations, Palo Alto predetermined

18  Student's IEP, failed to conduct certain observations and assessments of Student, failed to retain

19  and provide assessment protocols to Plaintiffs, and failed to involve Plaintiffs in developing

20  Student's IEP and transition plan.  *Id*.  To remedy these violations, ALJ Martin held that Plaintiffs

21  were "entitled to relief that is 'appropriate' in light of the purposes of the IDEA."  *Id*. at 84.  ALJ

22  Martin granted Plaintiffs' request for "an order directing Palo Alto to reimburse [Plaintiffs] for the

23  costs of Student's private placement at Hope Technology Academy for the 2023-2024 and 2024-

24  2025 school years."  *Id*.; *see also id.* at 89.  In finding that reimbursement was warranted, ALJ

25  Martin held that "Hope Technology was an appropriate placement for Student," and that Plaintiffs'

26  "placement of Student at Hope Technology was proper under the IDEA."  *Id*. at 86.

27    ALJ Martin's decision does not establish that Hope Technology is Student's current

28  educational placement.  Unless a decisionmaker "actually reaches the merits of the appropriate

2

United States District Court
Northern District of California

1  placement, [courts] will not imply a 'current educational placement' for purposes of § 1415(j)."

2  *Capistrano*, 556 F.3d at 913.  Here, ALJ Martin did not reach the merits of Student's placement –

3  that is, he did not address whether Hope Technology would offer Student a FAPE.[1]  Although ALJ

4  Martin remarked that Hope Technology was "an appropriate placement," this statement was made

5  in the context of finding that *reimbursement* was appropriate under § 1412(a)(10)(C)(ii).  *See*

6  7/11/25 OAH Decision at 85 (citing 20 U.S.C. § 1412(a)(10)(C)(ii)).  The Ninth Circuit has

7  consistently held that a reimbursement award under Section 1412(a)(10)(C)(ii) is not a decision on

8  the merits of a student's placement.  *Capistrano*, 556 F.3d at 912 n.9; *see also Irvine Unified Sch.*

9  *Dist. v. Landers*, Nos. 22-55286, 22-55287, 2023 WL 8915431, at *1 (9th Cir. Dec. 27, 2023)

10  ("[W]e will construe a reimbursement order as establishing a 'current educational placement' for

11  purposes of stay-put relief only if the order 'expressly find[s] that the private placement [is]

12  appropriate' for such a purpose." (quoting *Capistrano*, 556 F.3d at 913)).

13          In sum, although Plaintiffs prevailed in some respects in the administrative proceedings,

14  Plaintiffs have not established that Hope Technology is Student's current educational placement

15  for purposes of a stay put order.  In awarding reimbursement of costs, ALJ Martin did not

16  expressly address the merits of Student's educational placement and did not reach the issue of a

17  stay put order.  Therefore, the Court finds that OAH's subsequent order denying Plaintiffs' request

18  for a stay put placement at Hope Technology was correctly decided and consistent with the

19  Court's own review of the record.  *See* 8/6/2025 OAH Decision, ECF No. 7-4.  Accordingly,

20  Plaintiffs' motion is DENIED.

21          **IT IS SO ORDERED.**

22  Dated: November 19, 2025

23

24

25  _____
    Eumi K. Lee
    United States District Judge

26

27  [1] Although ALJ Martin found multiple procedural violations, he expressly declined to address whether Palo Alto's proposed placement was appropriate.  7/11/25 OAH Decision at 75-76, 82; *see also id*. at 86 (finding that reimbursement was appropriate because "Palo Alto did not engage during the IEP process").

28