United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MIRANDA, et al.,

Plaintiffs,

v.

PALO ALTO UNIFIED SCHOOL
DISTRICT, et al.,

Defendants.

Case No. 25-cv-06745-EKL

**ORDER TO SHOW CAUSE
REGARDING SERVICE**

Plaintiffs filed this action on August 10, 2025, against Defendants Palo Alto Unified School District ("Palo Alto USD") and the California Office of Administrative Hearings ("OAH"). On October 14, 2025, Plaintiffs filed a proof of service as to OAH, indicating a service address of 2349 Gateway Oaks Dr., Suite 200, Sacramento, CA 95833. ECF No. 24. On November 4, 2025, Plaintiffs filed a motion for entry of default as to OAH, which was entered by the Clerk on November 10, 2025. ECF Nos. 30, 35. The case was then reassigned to this Court. ECF No. 33.

On November 19, 2025, Plaintiffs and Palo Alto USD appeared before the Court for a hearing on Plaintiffs' motion for a preliminary injunction. *See* ECF No. 38. The Court observed that the address at which Plaintiffs purported to serve OAH appeared to be incorrect, and identified the correct address as 707 Third Street, Suite 7-330, West Sacramento, CA 95605. *See Service of Process*, Cal. Dep't of Gen. Servs., https://www.dgs.ca.gov/OLS/Service-of-Process. Plaintiffs indicated that they intended to dismiss OAH from this action, and because OAH was the only party that had not consented to Magistrate Judge jurisdiction (by virtue of its non-appearance), the case could be reassigned to a Magistrate Judge for all purposes. *See* ECF No. 38. However, after the hearing, Plaintiffs' counsel informed the Courtroom Deputy via email that Plaintiffs "decided to reserve OAH and proceed against them."

Federal Rule of Civil Procedure 4(m) requires service of a complaint within 90 days after it is filed. If a defendant is not served by that deadline, the court "must dismiss the action without prejudice against" the unserved defendant "or order that service be made within a specified time." If the plaintiff "shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, the complaint was filed more than 180 days ago, but Plaintiffs have not filed proof of service on OAH at its recognized address for service of process.

Accordingly, by March 6, 2026, Plaintiffs are ORDERED to show cause why the default entered against OAH should not be set aside, and why OAH should not be dismissed from this action without prejudice for failure to timely serve pursuant to Rule 4(m). Alternatively, Plaintiffs may voluntarily dismiss OAH as they previously indicated at the November 19, 2025 hearing. In that event, the case will be reassigned to a Magistrate Judge for all purposes, consistent with the parties' prior consent.

**IT IS SO ORDERED.**

Dated: February 11, 2026

_____
Eumi K. Lee
United States District Judge

2